# MATTOX v STATE OF FLORIDA

## Case No. CJAP84-43 (County Court Case No. MO84-1311)

Ninth Judicial Circuit, Orange County

June 8, 1990

### APPEARANCES OF COUNSEL

**Office of the Public Defender,** for appellant.

**Office of the State Attorney,** for appellee.

### OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant was convicted of Possession of Cannabis in violation of Section 893.13(1)(f), Fla. Stat. (1983). He appeals his conviction citing as error the trial court's denial of his Motion to Suppress.

Appellant had approached a group of plain clothes officers of the Orlando Police Department. The officers were located at a site which, until recently, had been used for illegal drug transactions. As Appellant approached, Officer Gauntlett identified himself and requested Appellant to do the same. Appellant produced a Florida Driver's License. During a check of the license, Office Gauntlett noticed a small manila envelope which was rolled up in a manner which is commonly used to conceal cannabis. The envelope was located in plain view in the right front pocket of Appellant's jacket. Officer Gauntlett did not touch Appellant other than to remove the envelope. Subsequent testing confirmed the substance in the envelope to be cannabis.

When reviewing the trial court's decision on a Motion to Suppress, this court must view it with a presumption of correctness and interpret the evidence, and reasonable inferences and deductions derived therefrom, in a manner most favorable to sustain the trial court's ruling. *McNamara v State,* 357 So.2d 410 (Fla. 1978).

This court agrees with the trial court that the evidence in question was found in plain view rather than by a frisk of the Appellant (See Motion to Suppress Transcript, p. 39). This court further finds that under the objective standard set forth in *Terry v Ohio,* 392 U.S. 1 (1968), the officer's initial seizure of the Appellant was justified by law. Evidence observed in plain sight in a clear plastic bag in the front pocket of a defendant's jacket has been held admissible. *B.C. v State,* 449 So.2d 955 (3d DCA 1984). Although the evidence in the instant case was concealed in a manila envelope, the officer's deposition clearly states that he knew the contents of the envelope because of his prior experience.

Based on the foregoing, this court is of the opinion that the trial court correct denied Appellant's Motion to Suppress.

The trial court's order denying the Motion to Suppress is hereby AFFIRMED. This cause is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 8th day of June, 1990.

Editor's Note: Michael S. Bloom, Law Clerk, assisted in the preparation of the foregoing decision.